UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER,

        Petitioner,

v.

                                  Case No. 25-cv-12038
                                  HON. MARK A. GOLDSMITH

RAPHAEL WASHINGTON,

        Respondent.

_____/

**OPINION & ORDER: (i) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 (Dkt. 1); (ii) DENYING MOTION TO QUASH (Dkt. 3); (iii) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (iv) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Ronald Cooper, who, at the time of filing his petition, was a pre-trial detainee incarcerated at the Wayne County Jail in Detroit, Michigan, filed a pro se petition for a writ of habeas corpus—construed as brought under 28 U.S.C. § 2241—challenging his then-pending prosecution in the Wayne County Circuit Court.[1]  For the reasons stated below, the Court summarily dismisses the petition.

## I.   BACKGROUND

Petitioner's petition is difficult to understand, however, from what the Court can discern, he challenges the legality of his arrest and the February 2025 search and seizure that led to the current charges against him in the Wayne County circuit court.  Petitioner does not specify what the charges are, but he does reference that he previously brought a habeas challenge to these same

---

[1] Because Petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. See Klein v. Leis, 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

1

charges in another habeas case.  Pet. at PageID.23 (Dkt. 1) (citing <u>Cooper v. Washington</u>, E.D. Mich. Case No. 25-cv-11094).   That case was dismissed because Petitioner challenged his conviction, but the record demonstrated that, at that time, the charges were still pending and no judgment had yet been entered.  <u>See</u> Order of Dismissal, <u>Cooper v. Washington</u>, 25-cv-11094 (E.D. Mich. Apr. 25, 2025).

This Court has checked the Wayne County Circuit Court website and viewed the docket entries for the criminal case that Petitioner challenged in his previously dismissed habeas case (No. 25-cv-11094), which is Wayne County Circuit Court Case No. 25-001505-01-FC.  Petitioner is charged with several assault and firearms offenses. The charges were still pending in the Wayne County circuit court when he filed this case.  However, he has since been convicted on August 20, 2025.  https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=152192f .[2]

Petitioner in his current habeas application challenges his continued detention, claiming that the arrest and search leading to the pending charges was illegal and conducted without probable cause.

## II.    ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  <u>See</u> <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from

---

[2]    <u>See</u> Register of Actions, Wayne Cnty. Cir. Ct. No. 25-001505- 01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4141913. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.  <u>See</u> <u>Daniel v. Hagel</u>, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014.

the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.  See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The Sixth Circuit, in fact, long ago indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition."  Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face.  Id. at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  Id.  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241.  See, e.g., Perez, 157 F. Supp. 2d at 796 (additional citations omitted).

In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals.  Allen v. Attorney General of the State of Maine, 80 F.3d 569, 572 (1st Cir. 1996); see also Switek v. Michigan, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021).  Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner.  See Atkins v. People of the State of Michigan, 644 F.2d 543, 545–546 (6th Cir. 1981).

3

Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." Moore v. United States, 875 F. Supp. 620, 622 (D. Neb. 1994).  The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial.  Id.

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner.  One exception to this general rule is a claim that an impending state trial would violate the double jeopardy clause of the federal constitution.  See Klein v. Leis, 548 F.3d 425, 430, n. 2 (6th Cir. 2008).  The petition does not allege that the pending state court charges violate Petitioner's rights under the double jeopardy clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner.  See Atkins v. People of the State of Michigan, 644 F.2d at 547.  Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonobtainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted.  Id.  The petition does not allege that Petitioner's speedy trial rights are being violated.

### A.  Certificate of Appealability and In Forma Pauperis on Appeal

The Court denies a certificate of appealability to Petitioner.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before

appealing this Court's denial of the habeas petition. See § 2253(c)(1)(A); <u>Greene v. Tennessee Dep't of Corrections</u>, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); <u>Winburn v. Nagy</u>, 956 F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court denies a certificate of appealability because jurists of reason would not find debatable this Court's conclusion that Petitioner's pre-trial claims are non-cognizable on habeas review. <u>See, e.g.</u>, <u>Switek</u>, 587 F. Supp. 3d at 627.

The Court also denies Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See <u>Allen v. Stovall</u>, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.  CONCLUSION

The Court summarily dismisses the petition for a writ of habeas corpus.  The Court denies as moot Petitioner's motion to quash (Dkt. 3).

**SO ORDERED.**

Dated: March 17, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 17, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager
